**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Interbank Funding Corp., *et al.*,<br><br>                      Debtors.<br><br>IBF Fund Liquidating, LLC,<br><br>                      Plaintiffs,<br>   -against-<br><br>Chadmoore Wireless Group Inc., Chadmoore Shareholder Liquidating Trust, Robert Moore and Stephen Radusch,<br><br>                      Defendants. | Chapter 11<br><br>Case No. 02-41590 (BRL)<br>Jointly Administered<br><br><br><br>Adv. Proc. No. 07-1482 |

## MEMORANDUM AND ORDER DENYING MOTION
## TO ALTER OR AMEND CONTEMPT ORDER

Before the Court is the motion (the "Motion") of Defendant Robert Moore ("Moore") requesting that the Court alter or amend the contempt order dated May 30, 2007 ("Contempt Order"). Moore moves pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 59(e) of the Federal Rules of Civil Procedure ("Federal Rules"), and Local Rule 9023-1 on the basis that the Contempt Order allegedly conflicts with this Court's oral ruling at the hearing held May 24, 2007 (the "Contempt Hearing"). Plaintiff IBF Fund Liquidating LLC ("Fund LLC") opposes the Motion on the basis that there is no conflict between the Court's ruling at the Contempt Hearing and the terms of the Contempt Order, that any opposition Moore had

1

to the terms of the Contempt Order were clearly communicated to the Court prior to the Contempt Order being entered and that there are no new facts and there was no manifest error of law, therefore there is no legal basis for the relief requested.

**Background**

On February 14, 2007, Fund LLC filed a complaint against Chadmoore, Moore and Stephen Radusch, and a motion for entry of a preliminary injunction.[1]  The Court conducted an evidentiary hearing on April 23, 2007 and on April 26, 2007, the Court entered a preliminary injunction.  The preliminary injunction required, among other things, that Moore post an escrow of $423,535 on or before May 7, 2007, and provide an accounting of his assets and transfers greater than $2,500 since November 1, 2005.

On May 8, 2007, Moore submitted a partial accounting and a notice certifying that he failed to comply with the preliminary injunction by not posting any of his escrow of $423,535.50.  On May 14, 2007, Fund LLC filed an application for an order holding Moore in contempt.  The contempt hearing took place on May 24, 2007 ("Contempt Hearing").  The Court made limited findings on the record, and requested that Fund LLC submit an order.  At the Contempt Hearing, the Court held that Moore was in contempt for failing to post his escrow and failing to make complete and accurate disclosures.[2]  The

---

[1] The funds that were the subject of the preliminary injunction was a large shareholder distribution that Moore allegedly authorized to be released to himself from Chadmoore in 2006.  Fund LLC wanted to prevent the funds from being dissipated before the adversary proceeding could be resolved.

[2] The accounting provided by Moore verified that several large real estate transfers were made to entities that Moore was or is a principal.  Fund LLC specifically requested that the contempt order restrict any real estate transfers from taking place and required that Moore provide more information about the transfers and the entities to which the transfers were made.

Court specifically declined to award the requested sanctions and set a hearing on sanctions on August 9, 2007, to give Moore another chance to comply.

At the Contempt Hearing, Fund LLC agreed to modify the proposed order to comply with the Court's riling at the Contempt Hearing. Fund LLC circulated a proposed contempt order among the parties, and requested comments. On May 29, 2007, Moore's counsel sent a letter to the Court requesting an additional week to review the proposed contempt order. On May 29, 2007, Fund LLC sent a letter to the Court along with the proposed contempt order that included changes incorporated after Moore's counsel's comments. Fund LLC's letter described some of the changes to the proposed contempt order from the initial order that was proposed, including the restrictions on the "Moore Transferees" and the reasoning behind those restrictions. Fund LLC also noted the need for the order to be entered in a timely fashion.[3] Additionally, the letter noted the inclusion of a monthly living expense exception for Moore's codefendant, Stephen Radusch, as the parties had agreed on the record at the Contempt Hearing. Moore's counsel sent another letter to the Court on May 30, 2007, detailing specific issues with the proposed contempt order, including their assertion that the restrictions placed on "Moore's Transferees" was outside the scope of the Court's ruling at the Contempt Hearing and their request for a living expenses exception for Moore. Moore's counsel attached a counter-order that deleted a number of findings in the proposed contempt order and removed sections

---

[3] *See* Fund LLC Opposition to Motion to Reconsider, Ex.G (discussing the necessity for the contempt order to be entered without delay to prevent Moore from making further transfers prior to the order becoming effective).

3

relating to Moore's Transferees.[4]  The Court signed the proposed contempt order submitted by Fund LLC and declined to make any of the changes requested by Moore's counsel.

**Bankrupty Rule 9023 and Federal Rule 59(e)**

To obtain relief pursuant to Bankruptcy Rule 9023, Federal Rule 59(e) and Local Rule 9023-1[5], a party must present "manifest errors of law or fact" or accounting for "newly-discovered evidence." *See Griffin Industries, Inc. v. Petrojam, Ltd.,* 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *In re Best Payphones, Inc.*, 2007 WL 203980 *5 (Bankr. S.D.N.Y. Jan. 24, 2007).  The moving party must show that the court overlooked controlling decisions or factual matters "which might materially have influenced the earlier decision."  *Farkas v. Ellis,* 783 F. Supp. 830, 832-33 (S.D.N.Y.), *aff'd* 979 F.2d 845 (2d Cir. 1992); *In re Best Payphones, Inc.*, 2007 WL 203980 *5.

The burden is on the moving party to demonstrate these manifest errors.  *In re Crozier Bros., Inc,* 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).  Movants under Bankruptcy Rule 9023 and Federal Rule 59(e) must demonstrate a substantial basis for the relief requested so as to avoid repetitive arguments on issues that have already been considered.  *Griffin Industries,* 72 F. Supp. 2d at 368; *In re Best Payphones, Inc.*, 2007 WL 203980 *5.

---

[4] The Moore counter-order deleted findings that Moore failed to satisfy the preliminary injunction (a finding the Court made at the Contempt Hearing, *see* Trans. of Hearing at pg 45-46),and that Moore failed to show reasonable efforts were made to attempt to comply with the preliminary injunction.

[5] Local Rule 9023-1(a) is an adaptation of Civil Rule 6.3 of the Local District Court Rules, and the standards governing motions to alter or amend judgments pursuant to Federal Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same.  *In re Randall's Island Family Golf Centers, Inc*., 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003).

4

Moore's Motion fails to demonstrate any manifest errors or injustice, newly discovered evidence or change in controlling law and thus, states no grounds for the substantial relief requested. Moore simply repeats matters brought to the Court's attention at the Contempt Hearing and prior to the Contempt Order being entered. This Court has previously heard and determined all of the arguments and issues raised by Moore and declines to review such arguments a second time.

**Federal Rule 60(b)(1)**

For the first time in his reply, filed July 17, 2007, Moore asserts grounds for relief under Federal Rule 60(b)(1). The Second Circuit has held that Federal Rule 60(b) motions are within the discretion of the court, and "are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115 (1991). A movant must establish one of the enumerated grounds for relief under Federal Rule 60(b) and that the harm to the movant outweighs the necessity for finality in the order confirming the plan of reorganization. *In re 401 East 89th Street Owners, Inc.*, 223 B.R. 75, 79 (Bankr. S.D.N.Y. 1998). Federal Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. Pro. 60(b).

Moore has not presented any evidence of mistake, inadvertence, surprise or excusable neglect, and certainly has not demonstrated to the Court that there are exceptional

5

circumstances that warrant disturbing the finality of the Contempt Order. Rehashing arguments already presented to this Court is certainly not sufficient. Therefore Moore's request pursuant to Federal Rule 60(b) is denied.

CONCLUSION

Pursuant to Local Rule 9023-1, a court need only hold a hearing on a motion to reconsider if the court grants the motion to reconsider. In this case, Moore has not demonstrated any basis whatsoever for the Court to grant a motion to reconsider. The Motion is denied.

IT IS SO ORDERED.

Dated:  July 19, 2007                             /s/ Hon. Burton R. Lifland
        New York, New York                        United States Bankruptcy Judge

6